IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ERIN DUNN, §
 §
    Plaintiff, §
 §
VS. § NO. 4:17-CV-1031-A
 §
CITIMORTGAGE, INC., ITS §
SUCCESSORS AND/OR ASSIGNS, §
 §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Citimortgage, Inc., to dismiss amended complaint. Plaintiff, Erin Dunn, has failed to respond to the motion, which is ripe for ruling.[1] The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

Plaintiff originally filed this action in the County Court at Law No. 2 of Tarrant County, Texas. On December 29, 2017, defendant filed its notice of removal, bringing the action before this court. Doc.[2] 1. By order signed January 30, 2018, the court ordered the parties to file amended pleadings in keeping with the

---

[1] By notice filed March 27, 2018, the parties informed the court that they had agreed to an extension of time until April 2, 2018 for plaintiff to respond to the motion. Although plaintiff did not seek an extension of time in which to file her response, the court has awaited the response.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of this court, and the requirements of the undersigned. Doc. 10.

On February 12, 2018, plaintiff filed her amended complaint. Doc. 11. In it, she alleges: On or about June 18, 2005, plaintiff entered into a contract for deed with Donald Burton ("Burton") for the purchase of property at 204 San Angelo Avenue, Benbrook, Texas (the "property"). Under the terms of the contract, plaintiff made payments directly to defendant. On several occasions, plaintiff was slow in being able to make payments and the property was posted for foreclosure by defendant. Plaintiff dealt directly with defendant in making payments. On March 3, 2014, plaintiff filed for relief under the United States Bankruptcy Code. The next day, defendant foreclosed on the property.

Plaintiff asserts claims for relief based on promissory estoppel, fraud, unjust enrichment, wrongful foreclosure, and money had and received. Plaintiff seeks a declaratory judgment and damages.

II.

Grounds of the Motion

Defendant urges that each of plaintiff's claims fails as a matter of law. Defendant says that plaintiff has not pleaded, and

cannot plead, sufficient facts to state any plausible claim against it. Therefore, defendant seeks dismissal of plaintiff's claims with prejudice.

III.

Pertinent Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

3

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further,

4

the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record.[3] Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

---

[3]In this case, the court takes notice of the deed of trust executed by Burton, a copy of which is attache to the appendix in support of defendant's motion. Doc. 13.

IV.

Analysis

A. Bankruptcy Stay

Plaintiff first alleges that defendant violated the automatic stay in foreclosing its lien the day after she filed a petition in bankruptcy. A petition in bankruptcy operates as a stay against the commencement or continuation of an action or proceeding against the debtor or any act to enforce any lien against the debtor's property. 11 U.S.C. § 362(a). In this case, defendant did not take any action against plaintiff or property of the estate, since plaintiff had no interest in the property when defendant foreclosed its lien. See Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146, 148 (1941); Siddiq v. Hawkins, No. 05-09-00581-CV, 2011 WL 3211254 (Tex. App.--Dallas July 29, 2011, pet. denied)(purchaser under contract for deed does not acquire equitable title until he pays the purchase price and performs the obligations under the contract).

B. Promissory Estoppel

The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance by the promisor, (3) substantial and reasonable reliance by the promisee to his detriment, and (4) enforcing the promise is necessary to avoid injustice. English v.

6

Fischer, 660 S.W.2d 521, 524 (Tex. 1983). A promise must be sufficiently definite to be enforced through promissory estoppel. Gillum v. Republic Health Corp., 778 S.W.2d 558, 570 (Tex. App.--Dallas 1989, no writ). And the promisee must have reasonably or justifiably relied on the promise. Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc., 88 F.3d 347, 360 (5th Cir. 1996). Estoppel is a defensive theory and does not create liability where none otherwise exists, but prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them. In re Weekley Homes, L.P., 180 S.W.3d 127, 133 (Tex. 2005).

Here, despite setting forth the elements of promissory estoppel, Doc. 11 at 4, ¶ 13, plaintiff has not alleged any facts to support application of promissory estoppel. Vague and indefinite promises do not suffice. Clardy, 88 F.3d at 360. Nor has plaintiff alleged any reasonable or justified reliance.

C.  Fraud

As plaintiff alleges in her amended complaint, Doc. 11 at 5-6, ¶ 19, the elements of fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the

7

intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. <u>Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.</u>, 565 F.3d 200, 212 (5th Cir. 2009). In addition, Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." <u>Hermann Holdings, Ltd. v. Lucent Techs., Inc.</u>, 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008).

Here, plaintiff has made no attempt to plead her fraud claim with the specificity required. She has not described any representation made by defendant that was false, that defendant knew was false or made recklessly, and that defendant intended plaintiff to rely upon. Plaintiff simply made payments in

accordance with her contract with Burton. She has not pleaded a fraud claim.

D. <u>Unjust Enrichment</u>

Unjust enrichment applies when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. <u>Heldenfels Bros., Inc. v. City of Corpus Christi</u>, 832 S.W.2d 39, 41 (Tex. 1992). A claim for unjust enrichment does not lie where the plaintiff has made voluntary payments to the defendant. See <u>BMG Direct Mktg., Inc. v. Peake</u>, 178 S.W.3d 763, 768 (Tex. 2005).

Plaintiff simply alleges that defendant "requested and encouraged" her to make payments. Doc. 11 at 7, ¶ 24. She does not set forth any facts to show that defendant acted by fraud, duress, or taking undue advantage of her. Nor does she attempt to explain how defendant was unjustly enriched by receiving mortgage payments to which it was entitled. She has not stated a claim for unjust enrichment.

E. <u>Wrongful Foreclosure</u>

The elements of a claim for wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 256 (5th Cir. 2013). A

9

grossly inadequate selling price is one that is so little as to "shock a correct mind." Id. Further, to pursue a claim for wrongful foreclosure, the plaintiff must tender, and not merely offer, the full amount due under the subject note. Hill v. Wells Fargo Bank, N.A., No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012); Lambert v. First Nat'l Bank, 993 S.W.2d 833, 835-36 (Tex. App.--Fort Worth 1999, pet. denied).

Here, plaintiff makes no attempt to set forth such a claim. Rather, she urges that defendant violated the automatic stay under the Bankruptcy Code, thus making the foreclosure wrongful. As previously stated, however, plaintiff has not alleged any facts to establish that defendant violated the automatic stay. Defendant was not a party to the contract for deed and the contract is not enforceable against it. See Tex. Prop. Code § 5.072(a).

F.  Money Had and Received

To establish a claim for money had and received, plaintiff must show that defendant is holding money that in equity and good conscience belongs to her. Brown v. Wells Fargo Bank, N.A., No. H-13-3228, 2015 WL 926573, at *5 (S.D. Tex. Mar. 4, 2015). As with unjust enrichment, such a claim is barred by the voluntary payment rule. BMG Direct Mktg., Inc., 178 S.W.3d at 768.

Here, plaintiff made voluntary payments to defendant pursuant to her agreement with Burton. In return, plaintiff presumably lived at the property. Plaintiff has not alleged, and cannot allege, any facts to show that defendant received money that rightly belongs to her and that justice requires its return.

G.  Declaratory Relief

A request for declaratory relief is remedial in nature and is dependent upon the assertion of viable causes of action. Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-71 (5th Cir. 1990). Plaintiff has not alleged any viable causes of action.

H.  Dismissal

Defendant recognizes that leave is ordinarily given to a plaintiff to replead when a motion to dismiss is granted. Doc. 12 at 13. However, the court may deny leave to amend where amendment would be futile. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). In this case, plaintiff has already been given an opportunity to amend and was specifically cautioned that her amended pleading must comply with applicable pleading requirements. Doc. 10. Further, plaintiff has not sought leave to amend, much less responded to the motion to dismiss, thus apparently conceding that she is not able to state plausible claims against defendant.

V.

## Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED April 3, 2018.

JOHN McBRYDE
United States District Judge